UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAUL ARESU PHOTOGRAPHY, INC.,
a New York corporation, individually and
as the representative of a class of similarly         Case No. 17-cv-9733
situated persons,

                                   Plaintiff,

                            - against -

INNERVISION, LLC d/b/a Shermco Vending,
JONATHAN SHERMAN, and JOHN DOES 1-10,

                                 Defendants.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Paul Aresu Photography, Inc. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated against Innervision, LLC d/b/a Shermco Vending. ("Innervision"), Jonathan Sherman ("Sherman"), and John Does 1-10 (collectively, "Defendants") to secure redress for violating the Telephone Consumer Protection Act ("the TCPA"), 47 U.S.C. §227, the regulations promulgated thereunder, and N.Y. General Business Law ("GBL") §396-aa. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses. In addition, regulations enacted pursuant to the TCPA prohibit the sending of solicited fax advertisements that do not contain the proper opt-out notice.

1

2. New York enacted GBL §396-aa for similar reasons. GBL §396-aa also prohibits the sending of unsolicited fax advertising and also requires that every unsolicited fax contain an opt-out notice.

3. Defendants recently caused to be sent out thousands of unsolicited fax advertisements for goods and/or services without the proper opt-out notice required by the TCPA and the regulations promulgated thereunder. Defendants have also recently caused to be sent thousands of unsolicited fax advertisements to persons in New York State for goods and/or services without the proper opt-out notice required by GBL §396-aa. Defendants are therefore liable to Plaintiff and the proposed Class of similarly situated persons under the TCPA and GBL §396-aa.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§1331, 1337, and the TCPA.

5. This Court also has supplemental jurisdiction over Plaintiff's GBL §396-aa claims pursuant to 28 U.S.C. §1367(a).

6. Venue and personal jurisdiction over defendant in this District is proper because defendant committed tortuous acts in the State of New York by causing the transmission of unlawful communications, because defendant transacts business in this District, and because defendant resides in the State of New York within the meaning of 28 U.S.C. §1391(c).

7. Statutory damages for each of Defendants' violations of the TCPA are available in this District under the Second Circuit's most recent pronouncement on the issue. *See Bank v. Independence Energy Group LLC*, No. 13-1746 (2d Cir. Dec. 3, 2013).

## **PARTIES**

8. Plaintiff, Paul Aresu Photography, Inc., is a New York Domestic Business Corporation with offices at 241 West 37th Street, Suite 604, New York, New York 10018, where it maintains telephone facsimile equipment. Plaintiff is, and at all times mentioned herein was, a "Person" as defined in 47 U.S.C. § 153(39).

9. Defendant, Innervision, is, upon information and belief, a Maryland Domestic Limited Liability Company with a principal place of business located at 18953 Bonanza Way, Gaithersburg, MD 20879. Defendant Innervision is, at all times mentioned herein was, a "person" as defined in 47 U.S.C. § 153(39).

10. Upon information and belief, Defendant Sherman is an individual residing in the State of Maryland, County of Montgomery. Upon information and belief, Sherman is the President and/or owner or shareholder of Defendant Innervision. Defendant Sherman is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

11. At all times material to this Complaint, acting alone or in concert with others, Sherman has formulated, directed, controlled, had the authority to control, or participated in the acts and practices alleged herein. Upon information and belief, Sherman transacted business personally and on behalf of Innervision in this district and throughout the United States.

12. Upon information and belief, Sherman has exercised complete dominion and control over Innervision such that these companies are his alter ego, a sham, façade, and mere instrumentality for his personal benefit, and he has disregarded and abused the corporate form and structure of the company.

13. Upon information and belief, Defendants John Does 1-10 are fax broadcasters that assisted Defendants with the faxing of the subject unsolicited fax advertisement.

## FACTS

14. On or about December 12, 2017 Plaintiff received the unsolicited fax advertisements attached as <u>Exhibit A</u> on its facsimile machine.

15. Discovery may reveal the transmission of additional faxes as well.

16. Defendants are responsible for sending or causing the sending of the faxes.

17. Defendants, as the entities whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

18. Defendants either negligently or willfully violated the rights of plaintiff and other recipients in sending the faxes.

19. Plaintiff had no prior relationship with defendant and had not authorized the sending of faxes advertisements to Plaintiff.

20. The faxes did not contain an opt-out notice, as is required by 47 U.S.C. §227 and violates all of the opt-out requirements of 47 U.S.C. §227(b)(2)(D), 47 C.F.R. §64.1200(a)(3)(iii), and GBL §396-aa(2).

21. On information and belief, the faxes attached hereto was sent as part of a mass broadcasting of faxes.

22. On information and belief, defendants transmitted similar unsolicited fax advertisements to at least 40 other persons.

23. There are no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising fax to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

24. The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, §3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. §227.

25. In pertinent part, 47 U.S.C. §227(b) provides that, "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

26. In pertinent part, 47 C.F.R. §64.1200(a), a regulation prescribed under 47 U.S.C. §227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

27. As used in both 47 U.S.C. §227 and 47 C.F.R. §64.1200(a), "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(4) and 47 C.F.R. §64.1200(f)(5).

28. 47 U.S.C. §227(b)(1)(2)(D) provides that:

A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes—

5

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. §227].

29. 47 C.F.R. §64.1200(a)(3) provides that no person or entity may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless—

\*   \*   \*

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if—

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

30. 47 C.F.R. §64.1200(a)(3)(iv) provides that, "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

31. Paragraph (3) of 47 U.S.C. §227(b) provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

(A) an action based on a violation of this subsection or the regulation prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

32. 47 U.S.C. §312(f)(1) provides that, "[t]he term "willful," when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C. §227 falls] or any rule or regulation of the Commission

7

authorized by [the chapter under which 47 U.S.C. §227 falls] or by a treaty ratified by the United States."

## GBL § 396-aa

33. GBL §396-aa(1) prohibits anyone from initiating the unsolicited transmission of fax advertisements.

34. GBL §396-aa also makes it unlawful to initiate the sending of any fax advertisement to a recipient who has previously clearly indicated to the initiator by any verbal, written or electronic means that the recipient does not want to receive fax advertisements from the initiator.

35. GBL §396-aa(2) requires all unsolicited fax advertisements to contain a notice that informs the recipients of their rights, as described under GBL §396-aa(1), to prevent the transmission of fax advertisements.

36. GBL §396-aa(3) provides for statutory damages of $100 for each violation of GBL §396-aa or actual damages, whichever is greater.

## FIRST CAUSE OF ACTION
(Violations of the TCPA)

37. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as though set forth at length herein.

38. By Defendants' conduct, as described above, Defendants committed thousands of violations of 47 U.S.C. §227(b) against Plaintiff and each class member, to wit: the fax advertisement Defendants sent and/or caused to be sent to Plaintiff and each class member were unsolicited and did not contain an opt-out notice meeting the requirements of 47 U.S.C. §227(b)(2)(D) and/or 47 C.F.R. 64.1200(a)(3)(iii).

39. Plaintiff and each class member suffered actual damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

40. Plaintiff and each class member is entitled to statutory damages.

41. Defendants violated the TCPA even if their actions were only negligent.

42. Defendants should be enjoined from committing similar violations in the future.

## SECOND CAUSE OF ACTION
(Violations of GBL §396-aa)

43. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint as though set forth at length herein.

44. As described above, upon information and belief, Defendants committed thousands of violations of GBL §396-aa.

45. Accordingly, pursuant to GBL §396-aa(3), Plaintiff and each class member are entitled to statutory damages.

## THIRD CAUSE OF ACTION
(Conversion)

46. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint as though set forth at length herein.

47. By sending Plaintiff and the class members unlawful faxes, Defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48. Immediately prior to the sending of the unlawful faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49. By sending the unlawful faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unlawful faxes.

52. Defendants should be enjoined from committing similar violations in the future.

## FOURTH CAUSE OF ACTION
(Private Nuisance)

53. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 52 of this Complaint as though set forth at length herein.

54. Defendants' sending plaintiff and the class members unlawful faxes was an unreasonable invasion of the property of plaintiff and the class members and constitutes a private nuisance.

55. Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance." *Universal Underwriters, Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

56. Defendants acted either intentionally or negligently in creating the nuisance.

57. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

58. Defendants should be enjoined from continuing their nuisance.

## FIFTH CAUSE OF ACTION
(Trespass to Chattels)

59. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 58 of this Complaint as though set forth at length herein.

60. Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

61. Defendants' sending plaintiff and the class members unlawful faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95-cv-1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unlawful faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

62. Defendants acted either intentionally or negligently in engaging in such conduct.

63. Plaintiff and each class member suffered damages as a result of receipt of the unlawful faxes.

64. Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

65. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

66. The class consists of (a) all persons and entities with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of Defendants (c) were sent faxes by or on behalf of Defendants promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

11

67. The class is so numerous that joinder is impracticable. Plaintiff alleges on information and belief that there are more than 40 members of the class.

68. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. whether the defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants complied or obtained its list of fax numbers;

    c. Whether Defendants thereby violated the TCPA; and

    d. Whether Defendants thereby converted the property of Plaintiff.

69. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor defendants' counsel have any interests which might cause them not to vigorously pursue this action.

71. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a)    Statutory damages;

b)    Attorney's fees, litigation expenses and costs of suit;

    c)    An injunction against the further transmission of unsolicited fax advertising; and

    d)    For such other and further relief which this court deems just and proper.

Dated: Brooklyn, New York
         December 12, 2017

                              SHAKED LAW GROUP, P.C.
                              Attorneys for Plaintiff

                              By: _____
                              Dan Shaked (DS-3331)
                              44 Court St., Suite 1217
                              Brooklyn, NY 11201
                              Tel. (917) 373-9128
                              Fax (718) 504-7555
                              e-mail: ShakedLawGroup@Gmail.com

## **JURY DEMAND**

    Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)